UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LEVI DWIGHT STOKES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-00121-DBH |
| | ) | |
| PENOBSCOT COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION ON MOTION TO DISMISS

Defendant D.T. Developers, Inc., d/b/a Med Pro Associates (Defendant Med Pro), maintains that Plaintiff has failed to serve it properly with the complaint and has failed assert an actionable claim.[1] Defendant Med Pro asks the Court to dismiss the claims Plaintiff has asserted against it. (Motion to Dismiss, ECF No. 22.)

### FACTUAL BACKGROUND

The facts set forth below are derived from Plaintiff's complaint. Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017). The facts may also be informed by any exhibits attached to a plaintiff's complaint, to the extent they are material to the motion to dismiss. *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013) ("On a motion to dismiss, a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto[.]").

---

[1] In his complaint, Plaintiff identified the "Medical Staff" at the Penobscot County Jail as a defendant. (Complaint at 3, ECF No. 1.) The return of service for the "Medical Staff" reflects the summons and complaint were served upon "Deputy Watson, who is designated by law to accept service of process on behalf of PCJ." (Return of Summons, ECF No. 20.) Defendant Med Pro provides medical services to inmates at the Penobscot County Jail.

In his complaint, Plaintiff alleges that he tore his thumb ligaments on January 12, 2020, but the "Medical Staff" refused treatment until January 18, 2020. (Complaint at 3.) He alleges that his thumbs "do not work as they used to" and that he is "unable to bend or hold a closed fist." (Id.) Several weeks after he filed the complaint, Plaintiff filed two written documents, evidently in response to the answer to the complaint filed by the other defendants. (ECF Nos. 10, 12.) Plaintiff attached to one of the filings a copy of the incident reports prepared following the incident in which Plaintiff alleges he injured his thumb. (Incident Reports, ECF No. 12-2.) One of the entries reflects that Plaintiff was seen by a nurse on the same day as the incident. (Incident Reports at 3-4.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.* The complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). Federal Rule

of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Consequently, in assessing whether a plaintiff has asserted a cause of action, a court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

## DISCUSSION

District of Maine Local Rule 7(b) provides: "Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D. Me. Loc. R. 7(b). Under Local Rule 7, therefore, Plaintiff has waived objection to Defendant's request for dismissal. Even if Plaintiff has not waived objection, dismissal is warranted.

The Eighth Amendment, which prohibits cruel and usual punishments, governs prisoners' medical needs after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable

3

measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).

To establish constitutional liability, a plaintiff must demonstrate both that he was "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834). In other words, a plaintiff must satisfy both an objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) in order to prove a constitutional claim of deliberate indifference. *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

The objective standard evaluates the seriousness of the risk of harm to health. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. A plaintiff must present evidence that the defendant possessed a culpable state of mind

amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Here, even if Plaintiff's allegation that he suffered torn thumb ligaments satisfied the objective standard, he has not alleged facts that would support a finding that an employee or agent of Defendant Med Pro was aware that he had suffered a serious injury, but then refused to treat the injury. Instead, without describing the attempts he made to obtain treatment and without identifying any employees or agents of Defendant Med Pro with whom he consulted, Plaintiff simply alleged the medical staff refused treatment of his thumb injury for six days. Plaintiff's allegations lack any facts to suggest that Defendant Med Pro's employees or agents were aware of Plaintiff's condition and did not treat him. To the contrary, if the Court considers Plaintiff's subsequent submissions as supplements to his complaint, the submissions reflect that medical staff at the jail examined and treated Plaintiff on the day he sustained the injury to his thumb.

In sum, by failing to respond to the motion to dismiss, Plaintiff has waived any objection to the motion. In addition, Plaintiff has not asserted an actionable claim for

deliberate indifference. Accordingly, dismissal of Plaintiff's claims against Defendant Med Pro is warranted.[2]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant Med Pro's motion to dismiss and dismiss Plaintiff's claims against Defendant Med Pro.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of November, 2020.

---

[2] Because I have recommended dismissal based on the insufficiency of Plaintiff's substantive allegations, I have not addressed Defendant Med Pro's service of process argument.